## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 0979

RANDY M. PEREZ

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY &
CORRECTIONS

*DATE OF JUDGMENT:* APR 1 7 2024

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA
NUMBER 694350, SECTION 21

HONORABLE RONALD R. JOHNSON, JUDGE

* * * * * *

| | |
|---|---|
| Randy Michael Perez<br>St. Gabriel, Louisiana | Plaintiff-Appellee<br>Pro Se |
| Jonathan R. Vining<br>Elizabeth B. Desselle<br>Baton Rouge, Louisiana | Counsel for Defendant-Appellant<br>Louisiana Department of Public Safety<br>and Corrections |

* * * * * *

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

Disposition: JUDGMENTS ANNULLED AND VACATED.

**CHUTZ, J.**

Defendant-appellant, the Louisiana Department of Safety and Corrections (DPSC), appeals the district court's judgment, which determined that petitioner-appellee, Randy Michael Perez, an inmate in the DPSC's custody, was entitled to four years of street credit toward his probation revocation for the time period he actually spent on probation. We annul and vacate the appealed judgment rendered on July 6, 2023, as well as the judgment rendered on June 29, 2022, recognizing the judgment rendered on July 2, 2020, which dismissed petitioner's claim, was a final judgment of petitioner's claims.

## PROCEDURAL BACKGROUND

On February 24, 2020, petitioner instituted this lawsuit by filing a petition for judicial review of Administrative Remedy Procedure (ARP) No. ARDC-2019-239, pursuant to La. R.S. 15:1171-1179, challenging the computation of his sentence.[1] The record established that the final denial of relief by DPSC (second step response) was September 30, 2019, and petitioner did not file his petition for judicial review until February 24, 2020. Therefore, a commissioner for the district court determined that the petition was untimely[2] and that the district court lacked jurisdiction to consider the merits of petitioner's claims, recommending dismissal of the lawsuit without service on DPSC.[3] On July 2, 2020, the district court issued a screening judgment in accordance with the commissioner's recommendation,

---

[1] Although Perez named as defendant James M. LeBlanc, who is the Secretary of DPSC, DPSC is the only proper party defendant. See La. R.S. 15:1177(A)(1)(b).

[2] La. R.S. 15:1177(A)(1)(a) provides for a 30-day peremptory period for all administrative appeals. See *Herrington v. Louisiana Dep't of Pub. Safety & Corrs.*, 2020-0478 (La. App. 1st Cir. 12/30/20), 318 So.3d 164, 166. Thus, petitioner had to demonstrate that he did not receive DPSC's final decision until after January 24, 2020 to have timely asserted his petition for judicial review.

[3] See La. R.S. 15:1188(A) ("The court shall review, before docketing if feasible or, in any event, before service on the defendants, a petition in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court shall ... dismiss the petition ... if the petition ... fails to state a claim upon which relief can be granted.").

2

which dismissed petitioner's petition for judicial review without prejudice at his costs.[4] Notice of judgment was sent to petitioner on July 8, 2020.

Petitioner filed a motion for an appeal of the July 2, 2020 judgment on September 28, 2020. The district court subsequently signed a rule to show cause order setting the matter for a hearing. Thereafter, petitioner filed a number of pleadings into the record. A hearing was held on June 13, 2022, after which the district court signed a judgment on June 29, 2022, dismissing petitioner's ARP No. ARDC-2019-239 as "untimely, thereby divesting [the district] court of subject matter jurisdiction." The district court additionally decreed that petitioner could not earn a diminution of sentence because he was convicted of a sex offense. Notice of judgment was sent on July 1, 2022.

On July 7, 2022, petitioner filed a pleading entitled, "TEMPORARY BLOCK EFFECTIVE IMMEDIATELY," asserting that insofar as the statute providing for diminution of sentence,[5] because those convicted of sex offenses were treated unequally from those convicted of other types of offenses, his equal protection rights had been violated. The district court set the matter for a hearing, which was held on June 1, 2023.

At the conclusion of arguments, the district court stated it was vacating its earlier judgment. On July 6, 2023, the district court signed a judgment, concluding petitioner was entitled to credit for the time he actually spent on probation and

---

[4] The July 2, 2020 judgment was rendered by Judge Janice Clark. Mindful that the efficacy of Judge Clark's signature has not been challenged, we presume the district court duly signed the July 2, 2020 judgment electronically. See La. C.C.P. art. 1911 (presently stating, "Judgments may be signed by the judge by use of electronic signature," but prior to La. Acts 2023, No. 272, § 1, additionally setting forth that "[t]he various courts shall provide by court rule for the method of electronic signature to be used and to ensure the authenticity of the electronic signature."). See also La. Dist. Ct. Rule 3.4 and Appendix 3.4 ("Any judge or commissioner of the Nineteenth Judicial District Court may electronically sign court orders, notices, official court documents, judgments and other writings, whether civil or criminal, if the electronic signature consists of a computer data compilation of any symbol or series of symbols executed, adopted or authorized by the judge to be the legally binding equivalent of the judge's handwritten signature," which was adopted effective on December 21, 2018).

[5] See La. R.S. 15:571.3.

ordered DPSC to award four years of street credit to petitioner. Notice of judgment was sent on July 7, 2023. DPSC suspensively appealed.

**DISCUSSION**

On appeal, DPSC complains that the district court erred in issuing any judgments after its July 2, 2020 judgment, suggesting that the district court's July 6, 2023 judgment, which DPSC has appealed, amounted to a substantive amendment of the July 2, 2020 judgment, constituting an absolute nullity without legal effect. We agree.

A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final. A judgment that determines the merits in whole or in part is a final judgment. La. C.C.P. art. 1841. A final judgment may be amended by the district court at any time on its own motion or on motion of any party to alter the phraseology of the judgment or to correct deficiencies in the decretal language or errors of calculation. La. C.C.P. art. 1951. In other words, a final judgment may be amended by the court where the resulting judgment takes nothing from or adds nothing to the original judgment. *Locke v. Madcon Corp.*, 2021-0382 (La. App. 1st Cir. 12/30/21), 340 So.3d 946, 949.

Once a judgment has been signed, it cannot be altered, amended, or revised by the district court that rendered it, except in the manner provided by law. *Id.* The only allowable procedures for making a substantive change to a judgment are a contradictory motion for new trial filed by the parties or by the court on its own motion pursuant to La. C.C.P. art. 1971; amendment by consent of the parties; or a timely appeal. *Harrell-Bijou v. Guarino*, 2023-0425 (La. App. 1st Cir. 11/16/23), -– So.3d ----, ---- n.4, 2023 WL 7871514, at *2 n.4. Where the district court signs subsequent judgments that make substantive changes to the first judgment without

4

following the proper procedure for doing so, the later judgments are absolutely null and without effect. *Id.*, --- So.3d at ----, 2023 WL 7871514, at *2.

By addressing the merits of a claim that it had dismissed as untimely, the June 29, 2022 clearly added to the July 2, 2020 judgment. And the July 6, 2023 judgment took away from the July 2, 2020 judgment in that it granted the relief petitioner requested, which the earlier judgment did not do.

Our review of the record shows that petitioner did not file a motion for new trial of the July 2, 2020 judgment. And neither the district court's June 29, 2022 judgment nor its July 6, 2023 judgment can be construed as having been rendered pursuant to a motion for new trial on the court's own motion since such a motion must have been done within seven days of July 8, 2020, the date that the July 2, 2020 judgment was mailed. See *Terry v. Page*, 53,395 (La. App. 2d Cir. 3/4/20), 293 So.3d 1191, 1194. Additionally, nothing in the record evinces that the parties consented to an amendment of the July 2, 2020 judgment. Lastly, petitioner's motion for an appeal of the July 2, 2020 judgment, filed on September 28, 2020, was untimely. See La. C.C.P. arts. 1971 and 2087.[6]

As such, both the June 29, 2022 and the July 6, 2023 judgments, having been rendered without following the proper procedure for doing so, are absolute nullities and without effect. Accordingly, we annul and vacate both judgments and recognize the July 2, 2020 as a final judgment, which was not appealed. See *Matter of Succession of Buhler*, 2017-0049 (La. App. 1st Cir. 2/22/18), 243 So.3d 39, 44-45, writ not considered, 2018-0478 (La. 5/11/18), 241 So.3d 1013.[7]

---

[6] Based on our application of the provisions of La. C.C.P. art. 2087, petitioner's motion for an appeal of the July 2, 2020 judgment should have been filed no later than September 15, 2020.

[7] Because we have annulled and vacated the appealed judgment, DPSC's contentions challenging the merits of the district court's July 6, 2023 judgment are not before us and we pretermit such a discussion.

5

## DECREE

For these reasons, the district court's June 29, 2022 and July 6, 2023 judgments are annulled and vacated. The July 2, 2020 judgment, which dismissed petitioner's ARP No. ARDC-2019-239 as having been untimely asserted, is recognized as a final judgment. Appeal costs are assessed against petitioner, Randy Michael Perez.

**JUNE 29, 2022 AND JULY 6, 2023 JUDGMENTS ANNULLED AND VACATED.**